# **<u>EXHIBIT 1</u>**

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>4th JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>2017- 849 CB | |

**Court address**
312 S. Jackson St., Jackson, MI 49201

**Court telephone no.**
(517) 788-4000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Anesthesia Business Consultants, LLC | v | EmCare, Inc.<br>6363 S. Fiddlers Green Circle, Suite 1400<br>Greenwood Village, CO 80111 |

Plaintiff's attorney, bar no., address, and telephone no.
William H. Horton (P31567)
Sean M. Walsh (P48724)
Giarmarco, Mullins & Horton, P.C.
101 W. Big Beaver Road, 10th Floor, Troy, MI 48084-5280
(248) 457-7000

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 4/6/17 | 7/6/17 | Amber Pritchard<br>Deputy County Clerk |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**
| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Jackson, Michigan | Greenwood Village, Colorado |

Place where action arose or business conducted
Jackson, Michigan

03/30/2017
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. 2017-84903 |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | |
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                      Date

My commission expires: _____  Signature: _____
                        Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                         Attachments

_____ on _____
                              Day, date, time

                    on behalf of _____.

_____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

ANESTHESIA BUSINESS CONSULTANTS, LLC
a Michigan limited liability company,

      Plaintiff,

v.

EMCARE, INC., a Texas corporation,

      Defendant.

Case No: 2017-849-CB
Hon.

Hon. Richard N. LaFlamme
P32641

| | |
|---|---|
| WILLIAM H. HORTON (P31567)<br>SEAN M. WALSH (P48724)<br>CHRISTOPHER J. RYAN (P74053)<br>Attorneys for Plaintiff<br>GIARMARCO, MULLINS & HORTON, PC<br>101 W. Big Beaver Road, Tenth Floor<br>Troy, MI 48084-5280<br>(248) 457-7000<br>bhorton@gmhlaw.com<br>swalsh@gmhlaw.com<br>cryan@gmhlaw.com | THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.<br><br>COUNSEL FOR PLAINTIFF VERIFIES THAT THIS CASE QUALIFIES FOR THE BUSINESS COURT. MCR 2.112(O)(1).<br><br>/s/ _William D. Horton_<br>WILLIAM H. HORTON |

## COMPLAINT

NOW COMES Plaintiff, ANESTHESIA BUSINESS CONSULTANTS, LLC, by its attorneys, GIARMARCO, MULLINS & HORTON, P.C., and for its Complaint, states as follows:

1. Plaintiff is a Michigan limited liability company with its principal place of business in Jackson, Michigan.

2. Defendant is a Texas corporation with its principal place of business in Colorado. Defendant transacts business in Michigan and entered into a contract for services to be performed in Michigan by Plaintiff.

3. The amount in controversy is over $25,000 and this case is otherwise within the jurisdiction of the Court.

4. Among other things, Plaintiff is in the business of providing anesthesia billing and practice management services.

5. In or about July, 2010, Plaintiff began providing services to Golden State Anesthesia Consultants, Inc. pursuant to a Billing Services Agreement executed by Plaintiff and Golden State ("Golden State Agreement"). Among other things, the Golden State Agreement provided that Plaintiff was to be paid 6% of Golden State's gross collections. A copy of the agreement is in the possession of Defendant.

6. In or about September, 2011, Plaintiff began providing services to St. Vincent Anesthesia Medical Group, Inc. pursuant to a Billing Services Agreement executed by Plaintiff and St. Vincent ("St. Vincent Agreement"). Among other things, the St. Vincent Agreement provided that Plaintiff was to be paid 6% of St. Vincent's gross collections. A copy of the agreement is in the possession of Defendant.

7. After the execution of the St. Vincent Agreement and the Golden State Agreement, Defendant began providing managerial and practice management services to St. Vincent and Golden State.

8. In or about June, 2013, Plaintiff and Defendant entered into a Master License Agreement and Plaintiff began providing products and services to Defendant pursuant to that agreement. A copy of the agreement is in the possession of Defendant. Among other things, the Master License Agreement provided that the fee under the agreement would be based on a percentage of annual revenue paid to Defendant related to achieving certain milestones.

2

9. In or about February, 2014, Plaintiff began providing billing services to Defendant pursuant to a Billing Services Agreement ("Emcare Agreement"). A copy of the agreement is in the possession of Defendant. Among other things, the Emcare Agreement provided that Plaintiff was to be paid 2% of net collections for services rendered pursuant to the Emcare Agreement.

10. The Emcare Agreement provides that the parties could include Emcare's affiliated companies in the Emcare Agreement. In order to do so, Plaintiff and the affiliated company were required to execute a Billing Agency Addendum. Section 15.13 of the Emcare Agreement provided:

> For each site that Client assigns to ABC for billing services, ABC and Client's affiliated company shall execute a Billing Agency Addendum, attached to this Agreement as Exhibit D, granting ABC to bill for services on behalf of the affiliated entity and its physicians.

11. Golden State and St. Vincent are now affiliated companies of Defendant. However, neither Golden State nor St. Vincent executed a Billing Agency Addendum.

12. After the execution of the Emcare Agreement, Golden State and St. Vincent continued to pay Plaintiff 6% as required by their respective contracts until February or March, 2015. At that time, Defendant began claiming that Golden State and St. Vincent should have been paying 2% in accordance with the Emcare Agreement rather than 6% as their respective contracts required, even though neither entity executed a Billing Agency Addendum.

13. Thereafter, Defendant withheld or directed Golden State and St. Vincent to withhold future payments owed to Plaintiff by Golden State and St. Vincent in order to offset what Defendant erroneously contends were overpayments by Golden State and St. Vincent.

3

14. Defendant also withheld payments owed to Plaintiff by Defendant pursuant to the Master License Agreement in order to offset what Defendant erroneously contends were overpayments by Golden State and St. Vincent.

## COUNT I – BREACH OF CONTRACT – MASTER LICENSE AGREEMENT

15. Plaintiff incorporates the above paragraphs by reference.

16. Plaintiff and Defendant entered into the Master License Agreement whereby Defendant agreed to pay Plaintiff license fees for the use of Plaintiff's products.

17. Defendant used Plaintiff's products.

18. Defendant has failed to pay Plaintiff for the use of its products.

19. Defendant breached the contract by failing to pay Plaintiff.

20. Plaintiff has been damaged in the amount of $185,664.21, plus contractual interest in the amount of 1.5% per month.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in its favor and against Defendant in an amount to be determined by the trier of fact, plus interest and costs.

## COUNT II – TORTIOUS INTERFERENCE

21. Plaintiff incorporates the above paragraphs by reference.

22. Plaintiff had a contract with Golden State.

23. Plaintiff had a contract with St. Vincent.

24. Defendant knew of the contracts between Plaintiff and Golden State and Plaintiff and St. Vincent.

25. Defendant intentionally and improperly interfered with Plaintiff's contracts with Golden State and St. Vincent by either instructing them not to pay Plaintiff or, to the extent

4

Defendant is responsible for making payments on behalf of St. Vincent and Golden State, not paying Plaintiff.

26. Defendant's conduct caused Golden State and St. Vincent to breach their contracts.

27. Plaintiff has been damaged as a result of Defendant's conduct.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in its favor and against Defendant in an amount to be determined by the trier of fact, plus interest and costs.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
WILLIAM H. HORTON (P31567)
SEAN M. WALSH (P48724)
CHRISTOPHER J. RYAN (P74053)
Attorneys for Plaintiff
101 W. Big Beaver Road, Tenth Floor
Troy, MI 48084
(248) 457-7000

Dated: March 31, 2017

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

ANESTHESIA BUSINESS CONSULTANTS, LLC
a Michigan limited liability company,

    Plaintiff,

v.

EMCARE, INC., a Texas corporation,

    Defendant.

Case No: 2017-849-CB
Hon.

Hon. Richard N. LaFlamme
P32641

---

WILLIAM H. HORTON (P31567)
SEAN M. WALSH (P48724)
CHRISTOPHER J. RYAN (P74053)
Attorneys for Plaintiff
GIARMARCO, MULLINS & HORTON, PC
101 W. Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
(248) 457-7000
bhorton@gmhlaw.com
swalsh@gmhlaw.com
cryan@gmhlaw.com

---

## REQUEST FOR ASSIGNMENT TO BUSINESS COURT DOCKET

The [X] Plaintiff [ ] Defendant requests assignment of this case to the Business Court Docket because one or more of the following applies (check all that apply):

The parties:

[X]     all of the parties are business enterprises

[ ]     1 or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

[ ]     1 of the parties is a nonprofit organization, and the claims arise out of that party's organizational structure, governance, or finances

At least one claim involves:

- [ ] the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise

- [ ] information technology, software, or website development, maintenance, or hosting

- [ ] the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

- [X] contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, non-compete, non-solicitation, and confidentiality agreements

- [ ] commercial transactions, including commercial bank transactions

- [ ] business or commercial insurance policies

- [ ] commercial or industrial real property

- [ ] wrongful discharge of a corporate officer or director

None of the above applies but this case should be assigned to the Business Court Docket because:

_____
_____
_____

_____ [signature]

Date: March 31, 2017        Attorney for [X] Plaintiff [ ] Defendant